UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA HECTOR, CALLIE WALCK, MATT WALKENHORST, JARED WEHMEYER, and NICOLE CASPER,<br><br>Plaintiffs,<br><br>v.<br><br>MITCH, LLC, SHANNON BURKETT, and KAREN EVERSMAN,<br><br>Defendants. | Case No.:<br><br>*JURY TRIAL DEMANDED* |

## COMPLAINT

Plaintiffs, Christina Hector, Callie Walck, Matt Walkenhorst, Jared Wehmeyer, and Nicole Casper, through counsel, for their Complaint against Defendants Mitch, LLC, Shannon Burkett, and Karen Eversman, state:

## NATURE OF ACTION

1. This is an action for relief from Defendants' unlawful misclassification of their hair salon employees as "independent contractors." Defendants collectively operate a hair salon, known as Mitch STL, in the City of St. Louis, Missouri, relying on Plaintiffs to provide hair styling and other services to Defendants' customers. This lawsuit asserts claims under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201-219 ("FLSA") and Missouri's wage and hour law, Mo. Rev. Stat. § 290.500, *et seq* ("MWHL"). This lawsuit also asserts claims for unjust enrichment under Missouri common law, and a statutory violation for reduction of wages.

2. This lawsuit seeks relief for Defendants' policy of unlawfully misclassifying Plaintiffs as "independent contractors" and thereby refusing to indemnify them for employer

1

taxes (penalties and interest) such as FICA, failing to pay overtime compensation, and taking wrongful deductions from their wages.

3.     Defendants, moreover, failed to maintain accurate records of Plaintiffs' hours worked each workday, hours worked each workweek, and earnings and wages paid.

## JURISDICTION AND VENUE

4.     The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of the overtime Plaintiffs is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has jurisdiction over Plaintiffs' Missouri state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Defendants do business in this District and employed Plaintiffs to work in this District, and because substantial unlawful conduct giving rise to the claims occurred in this District.

## PARTIES

6.     Plaintiff Christina Hector is an individual residing in the Eastern District of Missouri who previously was employed by Mitch, LLC.  Plaintiff Hector's consent to join this action is attached hereto as *Exhibit 1*.

7.     Plaintiff  Callie Walck is an individual residing in the Eastern District of Missouri, who previously was employed by Mitch, LLC. Plaintiff Walck's consent to join this action is attached hereto as *Exhibit 2*.

8.     Plaintiff Matt Walkenhorst is an individual residing in the Eastern District of Missouri who previously was employed by Mitch, LLC. Plaintiff Walkenhorst's consent to join this action is attached hereto as *Exhibit 3*.

9.     Plaintiff  Jared Wehmeyer is an individual residing in the Eastern District of

Missouri who previously was employed by Mitch, LLC. Plaintiff Wehmeyer's consent to join this action is attached hereto as *Exhibit 4*.

10. Plaintiff Nicole Casper is an individual residing in the Eastern District of Missouri who previously was employed by Mitch, LLC.

11. Joinder of Plaintiffs in this action is proper because, as described below, there are several common questions of law and fact.

12. Defendant Mitch, LLC is a Missouri limited liability company which does business within the Eastern District of Missouri.

13. Defendant Shannon Burkett is an individual residing and doing business within the Eastern District of Missouri. Burkett is an "employer" within the FLSA's broad definition as he is a Member/Manager of Defendant Mitch, LLC who manages and directs the business, maintains operational control of such entity's day-to-day functions, maintains control over Mitch, LLC's pay practices, and has authority to hire and fire employees. 29 U.S.C. § 203(d).

14. Defendant Karen Eversman is an individual residing and doing business within the Eastern District of Missouri. Eversman is an "employer" within the FLSA's broad definition as she is a Member/Manager of Defendant Mitch, LLC who manages and directs the business, maintains operational control of such entity's day-to-day functions, maintains control over Mitch, LLC's pay practices, and has authority to hire and fire employees. 29 U.S.C. § 203(d).

15. Plaintiffs Hector, Walck, Walkenhorst, and Wehmeyer, bring Counts I and II under the FLSA and MWHL for damages for the last three (3) years, plus all additional times subject to equitable tolling.

16. All Plaintiffs bring Count III for unjust enrichment for damages for the last five (5) years.

17. All Plaintiffs bring Count IV under the Missouri Wage Reduction Statute for all penalties incurred for the last five (5) years.

## GENERAL ALLEGATIONS

18. Defendants employed Plaintiffs at a hair salon in the City of St. Louis, Missouri to perform a variety of tasks integral to the operations of Defendants' enterprise.

19. Defendants retained the right to control the manner and means by which Plaintiffs performed their jobs.

20. Plaintiffs were required to work at Defendants' hair salon, where they provided hair styling services to Defendants' clients. In addition to providing hair styling services, Plaintiffs were required by Defendants to check clients in (regardless of who performed the hair styling service), answer phones, schedule appointments for clients, return client phone calls, perform opening and closing duties, undertake multiple tasks associated with cleaning the salon, including washing and folding laundry, sweeping and mopping floors, taking out trash, recycling, and cleaning wash bowls, among other tasks. In addition, Plaintiff Walkenhorst was required to interview a potential job candidate for Defendants.

21. Plaintiffs, moreover, were required by Defendants to attend mandatory meetings and training, including a training for spotting skin cancer (for which Plaintiffs received certificates). At the mandatory meetings, there were times where Defendants Burkett and Eversman told Plaintiffs the salon was "their shop and their clients."

22. To assist Defendants in their effort to use the trade name "Mitch," Plaintiffs were required to use only Paul Mitchell hair products. For a certain period of time, Plaintiffs were required to use only Wahl brand clippers on the salon's clients. The salon, further, supplied the color, blow dryers, capes, towels, barbercide, cleaning, and other products.

4

23.     Additionally, Plaintiffs were required to adhere to certain behavioral policies, regulating how "polite" Plaintiffs had to treat the salon's clients, and demonstrating respect to the owners.

24.     Defendants, moreover, set the work schedule for Plaintiffs, on a week to week basis. There were times where the owners made scheduling errors and required Plaintiffs to stay late on a shift to service Defendants' clients.

25.     Furthermore, if an employee had to miss a shift for any reason, Defendants punished Plaintiffs through a practice of docking the "commission" pay received by each employee from 50% to 40%.

26.     Defendants unilaterally set the prices for the salon, as well as the compensation for Plaintiffs.

27.     In addition to the above imposed policies, Defendants controlled the uniforms worn by Plaintiffs at work. Females were prohibited from wearing shorts because they "looked sloppy." Men, on the other hand, were permitted to wear shorts. No spandex yoga pants were permitted without something covering them. Defendants prohibited females from showing armpit hair, and from wearing tennis shoes, or "tummy shirts."

28.     By providing specific products to Defendants' clients, by reliably serving Defendants' clients, by following Defendants' compensation, behavioral, and procedural policies and activities, Plaintiffs have rendered services to Defendants that are integral to Defendants' business enterprise.

29.     Despite Defendants' pervasive control over all aspects of their operations, Defendants have uniformly and unlawfully misclassified Plaintiffs as "independent contractors." To that end, Defendants have issued to Plaintiffs 1099 tax forms, and failed to withhold and pay

to the IRS employer taxes, causing Plaintiffs to incur additional tax liability, penalties, and interest that employees do not have to bear.

30. Additionally, as a result of Defendants' misclassification, Plaintiffs Hector, Walck, Walkenhorst, and Wehmeyer, while employed by Defendants, had workweeks in which they worked more than forty (40) hours per week, but without overtime compensation. Plaintiffs were paid a commission and were not compensated based on the hours they worked, as required by law.

31. Although there were workweeks in which Plaintiffs Hector, Walck, Walkenhorst, and Wehmeyer worked in excess of forty (40) hours per week, in clear violation of the FLSA, Defendants willfully failed to pay Plaintiffs one and one-half times their regular rate.

32. Defendants further violated the FLSA by failing to maintain complete and accurate records of all time worked by Plaintiffs. Defendants have no records of Plaintiffs' hours worked each workday, hours worked each workweek, or earnings or wages paid.

33. The net effect of the policies and practices maintained and administered by Defendants, and instituted and approved by them, is that Defendants enjoyed ill-gained profits at the expense of Plaintiffs.

### COUNT I—VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Failure to Pay Overtime - Hector, Walck, Walkenhorst, and Wehmeyer)**

34. Plaintiffs reassert and re-allege the allegations set forth above.

35. At all times material herein, Plaintiffs Hector, Walck, Walkenhorst, and Wehmeyer have been entitled to the rights, protections, and benefits under the FLSA, 29 U.S.C. §§ 201, *et seq.*

36. The FLSA regulates, among other things, the payment of overtime wages to employees who are engaged in interstate commerce, or engaged in the production of goods for

commerce, or employed in an enterprise engage in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

37. Defendants are subject to the overtime pay requirements of the FLSA because Mitch, LLC is an enterprise engaged in interstate commerce, and Defendants' employees, including Plaintiffs, were engaged in commerce.

38. Defendants violated the FLSA by failing to Plaintiffs Hector, Walck, Walkenhorst, and Wehmeyer, overtime wages for all hours worked in excess of forty (40) per week.

39. Plaintiffs are entitled to damages equal to one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week for the three (3) years preceding the filing of this action, plus periods of equitable tolling because Defendants acted willfully and knew, or showed reckless disregard for whether, their conduct was prohibited by the FLSA.

40. Defendants have failed to maintain complete and accurate records of all time worked by Plaintiffs. Defendants have no records of Plaintiffs' hours worked each workday, hours worked each workweek, or earnings or wages paid.

41. None of the FLSA exemptions apply to Plaintiffs.

42. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages. Alternatively, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

43. As a result of Defendants' willful violation of the FLSA's overtime provisions,

wages have been unlawfully withheld. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount of liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs as allowed by Section 16(b) of the FLSA.

### COUNT II—VIOLATION OF THE MISSOURI WAGE & HOUR LAW
**(Failure to Pay Overtime - Hector, Walck, Walkenhorst, and Wehmeyer)**

44. At all relevant times herein, PlaintiffS Hector, Walck, Walkenhorst, and Wehmeyer have been entitled to the rights, protections, and benefits provided under the MWHL, Mo. Rev. Stat. § 290.500 *et seq*.

45. The MWHL regulates, among other things, the payment of overtime wages by employers.  Mo. Rev. Stat. §§ 290.500(3) & (4); § 290.502.1.

46. During all times relevant to this action, Defendants were the "employer" of Plaintiffs within the meaning of the MWHL.  Mo. Rev. Stat. §§ 290.500(3) & (4).

47. Defendants violated the MWHL by failing to Plaintiffs overtime wages for all hours worked in excess of forty (40) per week. Mo. Rev. Stat. § 290.505.1.

48. Defendants have failed to maintain complete and accurate records of all time worked by Plaintiffs. Defendants have no records of Plaintiffs' hours worked each workday, hours worked each workweek, or earnings or wages paid.

49. No exemptions apply to Plaintiffs.

50. As a result of Defendants' willful violation of the MWHL's overtime provisions, wages have been unlawfully withheld. Plaintiffs are entitled to damages equal to all unpaid wages due, along with an additional equal amount as liquidated damages.  Mo. Rev. Stat. § 290.527.

51. Plaintiffs are entitled to an award of pre-judgment interest and post-judgment interest at the applicable legal rate.

52. Defendants are liable pursuant to Mo. Rev. Stat. § 290.527 for Plaintiffs' costs and reasonable attorneys' fees incurred in this action.

### COUNT III—UNJUST ENRICHMENT
### (All Plaintiffs)

53. Plaintiffs reassert and re-allege the allegations set forth above.

54. Plaintiffs conferred benefits on Defendants, and Defendants received such benefits conferred upon them by Plaintiffs by providing uncompensated overtime and regular pay (through Defendants' pay docking practice), employer tax liability, penalties, and interest, and the resulting accounting and legal expenses incurred by Plaintiffs due to Defendants' misclassification.

55. Defendants appreciated the fact of the benefits.

56. Defendants accepted and retained the benefits in circumstances that render such retention inequitable.

57. Defendants have thereby been unjustly enriched.

58. Plaintiffs are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

### COUNT IV—VIOLATION OF MISSOURI WAGE REDUCTION STATUTE
### (All Plaintiffs)

59. Plaintiffs reassert and re-allege the allegations set forth above.

60. Defendants imposed on Plaintiffs a policy of docking pay from a 50% commission to a 40% commission without providing the thirty-day notice required by Mo. Rev. Stat. § 290.100.

61. As a result of the above failure to provide notice, Defendants are liable to each Plaintiff the sum of fifty dollars for each such violation, plus costs.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. Declare that Defendants committed one or more of the following acts:

    a. Misclassified Plaintiffs as independent contractors;

    b. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiffs;

    c. Willfully violated the FLSA;

    d. Failed to provide notice of wage reductions as required by Mo. Rev. Stat. § 290.100.

2. Enter judgment against Defendants for all unpaid wages due under the FLSA, along with liquidated damages in an amount equal to the unpaid wages;

3. Award all actual, compensatory, and/or restitutionary damages;

4. Award attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and Mo. Rev. Stat. § 290.527;

5. Award pre-judgment and post-judgment interest as provided by law; and

6. Award such other and further relief as the Court deems equitable and just.

Respectfully submitted,

BECK OSTROM SWEET LLC

  /s/ *Jonathan P. Beck*
Jonathan P. Beck #52439MO
3500 Magnolia Ave.
St. Louis, Missouri 63118
(314) 772-2889
jbeck@bos.law