UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA HECTOR, CALLIE WALCK, MATT WALKENHORST, JARED WEHMEYER, and NICOLE CASPAR,<br><br>Plaintiffs,<br><br>vs.<br><br>MITCH, LLC, SHANNON BURKETT, and KAREN EVERSMAN<br><br>Defendants. | Case No.: 4:18-cv-01916-NCC |

## ANSWER

COME NOW Defendants, Mitch, LLC, Shannon Burkett, and Karen Eversman, by undersigned counsel, and for their Answer to Plaintiffs' Complaint, state as follows:

### NATURE OF ACTION

1. Defendants admit this lawsuit alleges claims for misclassification of Plaintiffs as independent contractors. Defendants admit Defendants operate a hair salon, known as Mitch STL, in the City of St. Louis, Missouri. Defendants admit this lawsuit asserts claims under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201-219 ("FLSA") and Missouri's wage and hour law, Mo. Rev. Stat. § 290.500, *et seq*. ("MWHL"). Defendants admit this lawsuit also alleges claims for unjust enrichment under Missouri common law, and a statutory violation for reduction of wages. Defendants deny all other allegations in Paragraph 1 of Plaintiffs' Petition, and deny any liability to Plaintiffs under these causes of action.

2. Defendants admit this lawsuit seeks relief for Defendants' policy of classifying Plaintiffs as independent contractors. Defendants deny they unlawfully misclassified Plaintiffs

1

as independent contractors. Defendants deny they failed to indemnify Plaintiffs for employer taxes. Defendants deny they failed to pay Plaintiffs overtime compensation. Defendants deny they took wrongful deductions from Plaintiffs' wages. Defendants properly classified Plaintiffs as independent contractors.

3.   Defendants deny the allegations in Paragraph 3 of Plaintiffs' Complaint. Further, Defendants deny any obligation to maintain records of Plaintiffs' hours worked each workday and work week. Defendants properly classified Plaintiffs as independent contractors.

## JURISDICTION AND VENUE

4.   Paragraph 4 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

5.   Defendants admit the allegations in Paragraph 5 of Plaintiffs' Complaint regarding proper venue based on Defendants doing business in this District, but deny all other allegations including that any unlawful conduct occurred and deny Defendants employed Plaintiffs.

## PARTIES

6.   Defendants admit Christina Hector is an individual residing in the Eastern District of Missouri. Defendants deny Plaintiff Hector was previously employed by Mitch, LLC.

7.   Defendants admit Callie Walck is an individual residing in the Eastern District of Missouri. Defendants deny Plaintiff Walck was previously employed by Mitch, LLC.

8.   Defendants admit Matt Walkenhorst is an individual residing in the Eastern District of Missouri. Defendants deny Plaintiff Walkenhorst was previously employed by Mitch, LLC.

9.   Defendants admit Jared Wehmeyer is an individual residing in the Eastern District

of Missouri.  Defendants deny Plaintiff Wehmeyer was previously employed by Mitch, LLC.

10. Defendants admit Nicole Caspar is an individual residing in the Eastern District of Missouri.  Defendants deny Plaintiff Caspar was previously employed by Mitch, LLC.

11. Defendants deny the allegations in Paragraph 11 of Plaintiffs' Complaint.

12. Defendants admit the allegations in Paragraph 12 of Plaintiffs' Complaint.

13. Defendants admit Shannon Burkett is an individual residing and doing business within the Eastern District of Missouri.  Defendants deny Burkett is an "employer" within the FLSA's broad definition and deny all other allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendants admit Karen Eversman is an individual residing and doing business within the Eastern District of Missouri. Defendants deny Eversman is an "employer" within the FLSA's broad definition and deny all other allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendants admit Plaintiffs bring Counts I and II under the FLSA and MWHL for damages for the last three (3) years.  Defendants deny any liability to Plaintiffs under Counts I and II.

16. Defendants admit Plaintiffs bring Count III for unjust enrichment.  Defendants deny any liability under Count III.

17. Defendants admit Plaintiffs bring Count IV under the Missouri Wage Reduction Statute.  Defendants deny any liability to Plaintiffs under Count IV.

## GENERAL ALLEGATIONS

18. Defendants deny the allegations in Paragraph 18 of Plaintiffs' Complaint.

19. Defendants deny the allegations in Paragraph 19 of Plaintiffs' Complaint.

20. Defendants deny the allegations in Paragraph 20 of Plaintiffs' Complaint.

21. Defendants deny the allegations in Paragraph 21 of Plaintiffs' Complaint.

22. Defendants deny the allegations in Paragraph 22 of Plaintiffs' Complaint.

23. Defendants deny the allegations in Paragraph 23 of Plaintiffs' Complaint.

24. Defendants deny the allegations in Paragraph 24 of Plaintiffs' Complaint.

25. Defendants deny the allegations in Paragraph 25 of Plaintiffs' Complaint.

26. Defendants deny the allegations in Paragraph 26 of Plaintiffs' Complaint.

27. Defendants deny the allegations in Paragraph 27 of Plaintiffs' Complaint.

28. Defendants deny the allegations in Paragraph 28 of Plaintiffs' Complaint.

29. Defendants admit Mitch, LLC issued 1099 tax forms to Plaintiffs.  Defendants admit they did not withhold and pay employer taxes to the IRS on Plaintiffs' behalf.  Defendants deny all other allegations in Paragraph 29 of Plaintiffs' Complaint. Defendants properly classified Plaintiffs as independent contractors.

30. Defendants deny the allegations in Paragraph 30 of Plaintiffs' Complaint.

31. Defendants deny the allegations in Paragraph 31 of Plaintiffs' Complaint.

32. Defendants deny the allegations in Paragraph 32 of Plaintiffs' Complaint.

33. Defendants deny the allegations in Paragraph 33 of Plaintiffs' Complaint.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Failure to Pay Overtime – Hector, Walck, Walkenhorst, and Wehmeyer)**

34. Defendants adopt and incorporate by reference their responses to Paragraphs 1 through 33 of the Complaint as if set forth verbatim herein.

35. Defendants deny the allegations in Paragraph 35 of Plaintiffs' Complaint because Plaintiffs Hector, Walck, Walkenhorst, and Wehmeyer are not employees of Mitch, LLC under 29 U.S.C. §203(e), rather were engaged as independent contractors.

36. Paragraph 36 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations.

37. Defendants admit Mitch, LLC is an enterprise engaged in interstate commerce. Defendants deny Plaintiffs were employees of Defendants, rather were engaged as independent contractors.

38. Defendants deny the allegations in Paragraph 38 of Plaintiffs' Complaint.

39. Defendants deny the allegations in Paragraph 39 of Plaintiffs' Complaint.

40. Defendants deny the allegations in Paragraph 40 of Plaintiffs' Complaint.

41. Defendants deny the allegations in Paragraph 41 of Plaintiffs' Complaint.

42. Defendants deny the allegations in Paragraph 42 of Plaintiffs' Complaint.

43. Defendants deny the allegations in Paragraph 43 of Plaintiffs' Complaint.

**COUNT II – VIOLATION OF THE MISSOURI WAGE & HOUR LAW**
**(Failure to Pay Overtime – Hector, Walck, Walkenhorst, and Wehmeyer)**

44. Defendants deny the allegations in Paragraph 44 of Plaintiffs' Complaint because Plaintiffs Hector, Walck, Walkenhorst, and Wehmeyer are not employees of Mitch, LLC under the MWHL, Mo. Rev. Stat. § 290.500.3 and were only engaged as independent contractors.

45. Paragraph 45 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations.

46. Defendants deny the allegations in Paragraph 46 of Plaintiffs' Complaint.

47. Defendants deny the allegations in Paragraph 47 of Plaintiffs' Complaint.

48. Defendants deny the allegations in Paragraph 48 of Plaintiffs' Complaint.

49. Defendants deny the allegations in Paragraph 49 of Plaintiffs' Complaint.

50. Defendants deny the allegations in Paragraph 50 of Plaintiffs' Complaint.

51. Defendants deny the allegations in Paragraph 51 of Plaintiffs' Complaint.

52. Defendants deny the allegations in Paragraph 52 of Plaintiffs' Complaint.

## COUNT III – UNJUST ENRICHMENT
### (All Plaintiffs)

53. Defendants adopt and incorporate by reference their responses to Paragraphs 1 through 52 of the Complaint as if set forth verbatim herein.

54. Defendants deny the allegations in Paragraph 54 of Plaintiffs' Complaint.

55. Defendants deny the allegations in Paragraph 55 of Plaintiffs' Complaint.

56. Defendants deny the allegations in Paragraph 56 of Plaintiffs' Complaint.

57. Defendants deny the allegations in Paragraph 57 of Plaintiffs' Complaint.

58. Defendants deny the allegations in Paragraph 58 of Plaintiffs' Complaint.

## COUNT IV – VIOLATION OF MISSOURI WAGE REDUCTION STATUTE
### (All Plaintiffs)

59. Defendants adopt and incorporate by reference their responses to Paragraphs 1 through 58 of the Complaint as if set forth verbatim herein.

60. Defendants deny the allegations in Paragraph 60 of Plaintiffs' Complaint.

61. Defendants deny the allegations in Paragraph 61 of Plaintiffs' Complaint.

Defendants deny Plaintiffs are entitled to any of the relief sought in the prayer for relief in Plaintiffs' Complaint.

## DEFENSES

1. Plaintiffs have failed, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

3. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, release, estoppel, acquiescence, laches and unclean hands.

4. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate their alleged damages.

5. Plaintiffs are not entitled to liquidated damages, because at all times relevant, Defendants acted in good faith and had reasonable grounds for believing that its independent contractor arrangements with Plaintiffs complied with the FLSA.

6. Defendants properly classified Plaintiffs as independent contractors, and therefore Defendants were not responsible for paying Plaintiffs' employment taxes.

7. Defendants did not willfully violate the FLSA.

8. Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

9. Plaintiffs' claims were filed without any reasonable basis in fact or law and/or were filed for an improper purpose, including that Plaintiffs failed to file their individual city, state and federal tax returns.

10. Defendants contest the nature and amount of damages claimed in the Complaint.

11. Plaintiffs are not entitled to overtime payments because Plaintiffs never worked more than 40 hours per week and because Defendants never employed Plaintiffs. Plaintiffs were only engaged as independent contractors.

12. If Defendants are found liable under the FLSA for unpaid overtime, the amounts due to Plaintiffs, if any, are *de minimis*.

13. Defendants hereby give notice that they may rely upon such other defenses that may become available or apparent during the course of discovery and, thus, they reserve the right to assert such defenses as the litigation proceeds.

WHEREFORE, having fully answered, Defendants pray that this Court dismiss the Complaint in its entirety, enter judgment for Defendants, deny the relief sought by Plaintiffs, and award Defendants their costs and attorneys' fees herein and any other relief deemed just and equitable.

Respectfully submitted,

HARRIS DOWELL FISHER & YOUNG, L.C.

By: /s/ Fred A. Ricks, Jr.
Fred A. Ricks, Jr., #31663MO
Elizabeth A. Johnson #49193MO
15400 S. Outer 40, Suite 202
Chesterfield, MO 63017
Phone:     (636) 532-0300
Facsimile: (636) 532-0246
far@harrisdowell.com
eaj@harrisdowell.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on January 4, 2019, the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record, as follows:

BECK OSTROM SWEET LLC
Jonathan P. Beck, #52439MO
3500 Magnolia Ave.
St. Louis, MO 63118
(314) 772-2889
jbeck@bos.law


/s/ Fred A. Ricks, Jr.