**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CHRISTINA HECTOR, CALLIE WALCK, MATT WALKENHORST, JARED WEHMEYER, and NICOLE CASPER </br></br>Plaintiffs,</br></br>vs.</br></br>MITCH, LLC, SHANNON BURKETT, and KAREN EVERSMAN</br></br></br>Defendants. | Case No.:  4:18-cv-01916-NCC </br></br></br></br>JURY TRIAL REQUESTED |

**DEFENDANTS' COUNTERCLAIM AGAINST PLAINTIFFS HECTOR, WALCK, WALKENHORST, WEHMEYER AND CASPAR**

COME NOW Defendants, Mitch LLC, Shannon Burkett, and Karen Eversman, and for their Counterclaim against Defendants Christina Hector, Callie Walck, Matt Walkenhorst, Jared Wehmeyer, and Nicole Caspar, state as follows:

**FACTS**

1.  Defendant Mitch LLC owns and manages a hair salon in the City of St. Louis, Missouri.

2.  Defendants Shannon Burkett and Karen Eversman are the owners and managing members of Mitch LLC.

3.  Defendant Mitch LLC engaged Plaintiffs as Independent Contractors to perform hair salon services for Plaintiffs' clients at Defendant Mitch LLC's salon.

4.  Throughout their Complaint in this case, Plaintiffs mischaracterized facts in an attempt to state claims against Defendants for wrongful classification under the Fair Labor

Standards Act ("FLSA") and the Missouri Wage and Hour Law, unjust enrichment, and violation of the Missouri Wage Reduction Statute.

5. Such mischaracterizations include allegations that Defendants required Plaintiffs to wash and fold laundry, sweep and mop floors, take out trash and recycling, clean wash bowls, interview potential job candidates, attend mandatory meetings and training, use only certain types of products, wear a certain "uniform," and abide by certain employment policies.

6. Defendants properly classified Plaintiffs as Independent Contractors under the FLSA and all other applicable laws.

7. Workers at Mitch LLC's salon provide services to workers' clients, primarily cutting and styling men's hair.

8. Mitch LLC rents space to workers to provide these services.

9. Workers establish their own work schedules based on work space availability.

10. Mitch LLC does not control the workers' schedules.

11. Workers are free to perform services of any nature for any other party at any time.

12. The workers determined how, when and for whom each worker provides services.

13. Mitch LLC does not require workers to wear a certain uniform.

14. Mitch LLC does not require workers to attend meetings.

15. Mitch LLC does not require workers to follow specific policies or practices for how each worker provides services to the workers' customers.

16. Mitch LLC does not set performance or production standards workers must meet.

17. Mitch LLC does not require workers to sell products.

18. Mitch LLC does not require stylists to work a certain number or set number of hours per week.

19. Mitch LLC encouraged and supported workers developing their own customers and clients.

20. When Plaintiffs terminated their engagement with Mitch LLC they solicited and took their clients with them.

21. Because Defendants properly classified Plaintiffs as Independent Contractors, Defendants were not obligated to pay and did not fail to properly pay overtime to Plaintiffs under the FLSA and the Missouri Wage and Hour Law.

22. Plaintiffs Caspar and Wehmeyer never performed work for Defendants in excess of forty (40) hours per week.

23. Plaintiffs Hector, Walck, and Walkenhorst worked only a *de minimis* number of hours over forty hours a week, on a few limited occasions.

24. Because Defendants properly classified Plaintiffs as Independent Contractors, Defendants were not unjustly enriched.

25. Because Defendants properly classified Plaintiffs as Independent Contractors, Defendants did not violate the Missouri Wage Reduction Statute.  Furthermore, Defendants did not reduce Plaintiffs' compensation.

26. Plaintiffs have publicized that they initiated this lawsuit because some or all of them failed to file their individual tax returns and failed to pay the individual taxes they owed.

27. Plaintiffs created their individual tax problems by failing to file and pay their individual taxes.

28. Plaintiffs filed this lawsuit for the improper and collateral purpose of seeking to excuse and avoid their legal responsibilities and shift their tax obligations and liabilities to

Defendants. Had Plaintiffs properly filed their tax returns and paid their tax liabilities, there would be no basis for claiming any damages.

29. Plaintiffs are attempting to use this lawsuit and the Defendants' expense of defending Plaintiffs' lawsuit for the improper and collateral purpose of creating leverage seeking to force Mitch LLC, a young, struggling, small business, to pay Plaintiffs' individual tax liabilities.

30. When Plaintiffs terminated their engagement with Mitch LLC, Plaintiffs improperly solicited and attempted to take Mitch's clients as well as clients of other independent contractors with them who were not Plaintiffs' clients. Plaintiffs engaged in this improper conduct by taking and using confidential customer contact information for customers and clients who were not Plaintiffs' customers or clients.

31. Plaintiffs have publicized that they initiated this lawsuit for the improper and collateral purpose of attempting to force Mitch LLC to close and cease operating to further Plaintiffs' improper and collateral purpose of taking Defendants' customers and clients, as well as clients of other independent contractors, who were not Plaintiffs' customers or clients.

## COUNT I – ABUSE OF PROCESS

32. Defendant realleges and incorporates herein by reference the allegations of paragraphs 1 through 31, above.

33. The lawsuit Plaintiffs filed against Defendants Mitch LLC, Burkett and Eversman was an illegal, unlawful, improper, perverted use and abuse of process.

34. Plaintiffs filed their Complaint against Defendants for improper and collateral purposes, in that Plaintiffs sought to harass, threaten and intimidate Defendants.

35. Plaintiffs filed their Complaint against Defendants for improper purposes, in that Plaintiffs sought to shift their individual tax obligations and liabilities to Defendants and justify

Plaintiffs' unlawful failure to file their tax returns and pay Plaintiffs' individual taxes, including self-employment taxes, as required by law.

36. Plaintiffs filed their Complaint against Defendants for improper purposes, in that Plaintiffs sought to force Defendants to pay the taxes Plaintiffs owe to the Internal Revenue Service, state and local taxing authorities which Plaintiffs failed to pay.

37. Plaintiffs filed their Complaint against Defendants for improper purposes, in that Plaintiffs seek to force Defendants to pay overtime hours to independent contractors even though no such legal obligation exists and Plaintiffs seldom if ever worked more than 40 hours in any workweek at Mitch LLC.

38. Plaintiffs filed their Complaint against Defendants for improper purposes, in that this lawsuit is an improper use of the legal system, attempting to extract money from Defendants and extricate Plaintiffs from the legal problems and tax debts and obligations Plaintiffs created.

39. Plaintiffs filed their Complaint for the improper and collateral purpose of attempting to force Mitch LLC to close and cease operating to further Plaintiffs' improper and collateral purpose of soliciting and taking Defendants' customers and clients, as well as clients of other independent contractors, who were not Plaintiffs' customers or clients.

40. The lawsuit filed by Plaintiffs against Defendants resulted in damage to Defendants, including incurring the cost of defending Plaintiffs' frivolous meritless lawsuit; their attorneys' fees, costs and expenses; and garden variety emotional distress, in excess of $100,000.

WHEREFORE, Defendants/Counterclaimants pray that this Court:

a. Enter its Judgment in favor of Defendants Mitch LLC, Burkett and Eversman and against Plaintiffs, finding Plaintiffs liable for abuse of process;

5

b. Enter its Judgment in favor of Defendants and against Plaintiffs, awarding Defendants compensatory damages for all damages and losses caused to Defendants by Plaintiffs' abuse of process, including, without limitation, compensatory damages, attorneys' fees, and other damages Defendants are determined to have suffered because of such abuse of process;

c. Enter its Judgment in favor of Defendants and against Plaintiffs, awarding Defendants punitive damages in an amount sufficient to punish Plaintiffs' wrongdoing and deter such conduct;

d. Order Plaintiffs to pay Defendants' costs and expenses herein, including, without limitation, reasonable attorneys' fees; and

e. Grant such other and further relief to which Defendants may be entitled under the circumstances and equities of this case, as this Court deems just and proper.

Respectfully submitted,

HARRIS DOWELL FISHER & YOUNG, L.C.

By: /s/ Fred A. Ricks, Jr.
    Fred A. Ricks, Jr., #31663MO
    Elizabeth A. Johnson #49193MO
    15400 S. Outer 40, Suite 202
    Chesterfield, MO 63017
    Phone:     (636) 532-0300
    Facsimile: (636) 532-0246
    far@harrisdowell.com
    eaj@harrisdowell.com

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 23rd day of April, 2019, I served a true and correct copy of the foregoing upon the following, via email and U.S. mail, First Class postage prepaid:

Jonathan P. Beck
BECK OSTROM SWEET LLC
3500 Magnolia Ave.
St. Louis, MO 63118
(314) 772-2889
jbeck@bos.law


    /s/ Fred A. Ricks, Jr.